UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MICHAEL S. ALEXANDER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05 C 2572 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| NORTHEASTERN ILLINOIS UNIVERSITY, | ) | |
| DEBRA COKLEY, GARY BRYAN, JOSEPH | ) | |
| KISH, DAVID JONATIS, MARGO SMITH, | ) | |
| ELIZABETH MURRAY (deceased), MURIEL | ) | |
| DUSTER, RALPH ZIA, CAROL COLE, JEFF | ) | |
| BROWN, and GARY HAMBURG, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER & OPINION**

On July 8, 2005, Michael Alexander ("Alexander") filed an amended complaint, *pro se*, against Northeastern Illinois University ("NEIU") and eleven of its current and former employees (collectively the "individual defendants") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (2006). NEIU and the individual defendants answered the amended complaint on May 31, 2005, and moved to dismiss Alexander's amended complaint and strike his request for punitive damages on January 20, 2006. Defendants' respective motions to dismiss are granted in part and denied in part. For the reasons stated below, NEIU's motion to dismiss Alexander's retaliation-based Title VII claim is denied. The Title VII retaliation claim against the individual defendants is dismissed. NEIU's motion to strike Alexander's request for punitive damages is granted.

1

# I. BACKGROUND

Alexander has been employed by NEIU as a carpenter since 1989. Alexander alleges that during his employment, he was sexually harassed by his female supervisor, Debra Cokley ("Cokley"), and that he was retaliated against by the individual defendants for complaining about the harassment to NEIU.

Specifically, Alexander alleges that Cokley attempted to kiss him in late 1994 in the NEIU carpentry shop. Am. Compl. 1. She then made subsequent sexual advances at him, all of which were met with his rebuke. *Id.*

In 1996, Alexander filed an internal grievance (the "grievance") with NEIU complaining about Cokley's conduct. *Id.* 2. Alexander's amended complaint alleges that, in the ensuing proceedings, several managerial employees of NEIU misrepresented facts, falsified records, or colluded in these misrepresentations. *Id.* 2. In March 1998, Alexander was informed that his grievance was denied because it lacked a basis. *Id.* 6.

Alexander alleges that, following these proceedings, Cokley and several current and former NEIU managers retaliated against him for complaining about Cokley's conduct. This retaliation included the denial of his right to appeal the grievance decision, suspension without pay, delay in reimbursement for sick pay, writing baseless unfavorable reports about him, loss of certain privileges as a result of these unfavorable reports, denial of his right to run for and serve on the Civil Service Council, and refusal to accommodate his injuries.

On April 30, 2004, Alexander filed a formal charge with the EEOC (the "EEOC charge"), alleging continuing discrimination based on retaliation. In filling out the EEOC charge form, Alexander checked only the box indicating discrimination based on retaliation. He did not check the available "sex" discrimination box.

On January 31, 2005, Alexander received a right to sue letter from the EEOC. He commenced the present suit when he filed his initial complaint on April 29, 2005. Alexander's *pro se* complaint is very difficult to comprehend. The complaint does not delineate specific counts, but the factual allegations lend themselves, at least superficially, to a claim of retaliation under Title VII. Alexander requests damages of $1,000,000 for lost wages and additional compensation, in the form of "restitution, recovery, punitive damages, in essence 'to be made whole' and any other form of relief permitted or require [sic] by law for these causes." *Id*. 8.

As a *pro se* plaintiff, Alexander is entitled to a liberal reading of his complaint. *See Greer v. Board of Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001) ("[W]e liberally construe the pleadings of individuals who proceed *pro se*."); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) ("It is the well-settled law of this circuit that *pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers."). The court reads Alexander's complaint to allege a Title VII retaliation claim against both NEIU and the Individual Defendants.[1]

## II. DISCUSSION

When considering a motion to dismiss, the factual allegations in the complaint are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). A *pro se* plaintiff is accorded greater latitude in pleading legally sufficient facts and allegations that could entitle him to relief. *See McCormick*, 230 F.3d at 325 ("[A] *pro se* civil rights complaint may

---

[1] Though defendants make arguments based on the assumption that Alexander is alleging other Title VII claims such as sex discrimination, the court does not read the complaint to allege anything other than retaliation. In any event, the court limits Alexander's complaint to the scope of his EEOC charge, which did not allege sex discrimination. *See Sitar v. Indiana Dept of Trans.*, 344 F.3d 720, 726 (7th Cir. 2003) ("a plaintiff may not bring claims under Title VII that were not originally included in the charges made to the EEOC.")

3

only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief.").

### A. Title VII Retaliation Claim Against NEIU

Before initiating a civil action under Title VII, a plaintiff must comply with the conditions precedent outlined in 42 U.S.C. § 2000e-5 (2006), which are: (1) filing an EEOC charge within no more than three hundred days of the alleged incident; (2) obtaining a right to sue letter from the EEOC; and (3) filing a complaint within 90 days of receipt of a right to sue letter that is based on claims within the scope of allegations in the EEOC charge. *See* 42 U.S.C. § 2000e-5(e)-(f); *see also Perkins*, 939 F.2d at 469-71 (reviewing the preconditions for filing Title VII claims).

Employers are prohibited from punishing employees for complaining about discrimination or other practices that violate Title VII. A cognizable claim for retaliation must demonstrate that the plaintiff engaged in protected activity, that an adverse employment action occurred, and that the adverse employment action was caused by the protected activity. *See* 42 U.S.C. § 2000e-3(a) (2006) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees … because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.").

Alexander has met the conditions precedent to his retaliation-based Title VII claim–he filed an EEOC charge alleging retaliation within three hundred days of the purportedly ongoing retaliatory conduct, he received a right to sue letter from the EEOC on January 31, 2005, and he commenced the present civil suit on April 29, 2005, which falls within the 90-day time limit.

Alexander's complaint contains sufficient facts to support a legal claim of retaliation. As discussed above, Alexander complained to NEIU of Cokley's conduct and pursued his grievance

with a number of NEIU managers. This qualifies as protected activity. *See Sitar*, 344 F.3d at 728 (complaining to the employer about sexual harassment is protected activity).

Alexander has alleged a number of adverse employment actions that, if proven, would sufficiently constitute a retaliation claim, and some of these actions appear to be linked, at least circumstantially, to the pursuance of his grievance. Alexander alleges that he has endured "retaliatory and discriminatory practices." Am. Compl. 6. These practices include, *inter alia*, the denial of his right to appeal the grievance decision, suspension without pay, delay in reimbursement for sick pay, writing baseless unfavorable reports about him, loss of certain privileges as a result of these unfavorable reports, denial of his right to run for and serve on the Civil Service Council, and refusal to accommodate his injuries. *Id.* 3-7. These qualify as adverse employment actions. *See Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 2001) (adverse employment actions can include the consequences of negative employment evaluations, suspension without pay, and reduction in privileges associated with the job); *Thomas v. Habitat Co.*, 213 F. Supp. 2d 887, 897 (N.D. Ill. 2002) (denying plaintiff privileges previously associated with her job qualifies as an adverse employment action).

Furthermore, many of the alleged instances of "[f]ailure … to treat [Alexander] fairly," and "intimidation and solicitation," involve NEIU supervisors who were previously involved in his sex discrimination grievance. *Id.* 3-4. A liberal reading of the complaint provides that these practices were related to Alexander's grievance and the court therefore finds that Alexander has stated a claim for retaliation under Title VII. *See Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1014 (7th Cir. 1997) (plaintiff "only has to establish 'that the protected activity and the adverse action were not wholly unrelated.'" (quoting *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985))).

### B. Claims Against the Individual Defendants

Next, the court turns to the arguments advanced by the individual defendants, all of whom are current or former managerial employees of NEIU. Because Title VII does not reach the individual defendants, the court grants the individual defendants' motion to dismiss all of Alexander's claims against them with prejudice.

Within the context of Title VII an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees … and any agent of such a person." 42 U.S.C. § 2000e(b) (2006). Although an employee's supervisors may generally be considered agents of the employer, Title VII does not provide a cause of action against the employee's supervisors–only the employer may be liable. *See Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995) (interpreting the definition of "employer" in Title VII consistently with similar definitions in the ADA and ADEA as not including supervisors and declining to impose personal liability for sex harassment on the plaintiff's supervisor); *EEOC v. AIC Sec. Inv.*, 55 F.3d 1276, 1281 ("the actual reason for the 'and any agent' language in the definition of 'employer' was to ensure that courts would impose *respondeat superior* liability upon employers for the acts of their agents").

In his response, Alexander confuses the general principles of agency law with the specific Title VII definition of the employer's agents enunciated in *Williams*. Pl. Resp. 11. Alexander cites *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 70-71 (1986), for the proposition that "agency principles apply in determining an employer's liability under Title VII." Pl. Resp. 11. However, *Meritor* held that general agency principles required holding employers responsible for the Title VII violations of the employee's supervisor, not the inverse as Alexander contends. *Meritor Savings Bank*, 477 U.S. at 72. The law is clear that individual defendants do not qualify

as Alexander's "employer" for purposes of Title VII. Construing the facts stated in the amended complaint in Alexander's favor, the court finds that Alexander cannot state a cognizable claim under Title VII against the individual defendants. Accordingly, Alexander's claims against the individual defendants are dismissed with prejudice.

### C. Punitive Damages

NEIU moves the court to strike Alexander's request for punitive damages, because it is statutorily exempt from punitive damages as a government agency. 42 U.S.C. § 1981a (2006) provides that the plaintiff in a Title VII suit "may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by [Title VII]." However, subsection (b) exempts governments, government agencies or political subdivisions from liability for punitive damages:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1). NEIU is an agency of the State of Illinois. *See Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 562 (7th Cir. 2004) (finding NEIU is a state university); *Erickson v. Northeastern Ill. Univ.*, 207 F.3d 945, 947 (7th Cir. 2000) (acknowledging NEIU's status as a government agency), *cert. denied*, *U.S. v. Bd. of Governors of State Colls. & Univs. for Northeastern Ill. Univ.*, 531 U.S. 1190 (2001); *Debs v. Northeastern Ill. Univ.*, 153 F.3d 390, 394 (7th Cir. 1998) (same). As a government agency, NEIU is exempt from the punitive damage provisions of § 1981a(a)(1) as a matter of law. *See Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1031 (7th Cir. 2003) (exempting Illinois government agency from punitive damages

in a Title VII sex discrimination case); *Varner v. Illinois State Univ.*, 150 F.3d 706, 718 (7th Cir. 1998) (recognizing that § 1981a(b)(1) applies to a public university); *Baker v. Runyon*, 114 F.3d 668, 669-70 (7th Cir. 1997) (interpreting § 1981a(b)(1) to broadly include all government agencies). Therefore, the court grants NEIU's motion and strikes Alexander's request for punitive damages from his amended complaint. [2]

### D. State Law Claims

Both NEIU and the individual defendants have moved to dismiss any state law claims alleged against them. Because the court does not read the complaint to allege state law claims against NEIU or the individual defendants, it does not address those arguments. The court emphasizes that it reads Alexander's complaint only to allege a Title VII retaliation claim against NEIU and the individual defendants based on the allegations in the EEOC charge.

Should Alexander wish to bring related state law claims against either NEIU or the individual defendants, he must file an amended complaint within seven (7) days. In that complaint, he must separate each claim into individual, numbered counts. Each count must be in its own paragraph and supported by factual allegations.

### III. CONCLUSION

For the foregoing reasons, the court denies NEIU's motion to dismiss Alexander's Title VII claim retaliation claim, dismisses Alexander's Title VII retaliation claim against the individual defendants with prejudice, and grants the NEIU's motion to strike Alexander's request for punitive damages.

---

[2] The court notes that because there are no remaining claims against the individual defendants, the issue of punitive

ENTER:

    /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 29, 2007

---

damages was only decided as to NEIU.